UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS, :
:
        Petitioner : CIVIL NO. 1:CV-13-2342
  vs. :
: (Judge Caldwell)
WARDEN DONNA ZICKENFOOSE, :
:
        Respondent :

*M E M O R A N D U M*

I.  *Introduction*

      Nathan Charles Griggs, an inmate at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In his petition, Griggs claims that the Bureau of Prisons (BOP) is improperly forcing him to take part in the BOP's Inmate Financial Responsibility Program[1] (IFRP) when his sentencing judge (the undersigned) did not establish a payment schedule for his restitution payments.  As relief, Griggs seeks to be exempt from the IFRP program without incurring any negative consequences.

      For the reasons that follow, the Petition will be denied.

---

[1] *See Inmate Financial Responsibility Program*, 28 C.F.R. § 545.11, also available at http://www.bop.gov/policy/progstat/5380_008.pdf.

II. *Background*

On September 8, 2004, Griggs was sentenced in this court to a term of 168-months imprisonment for a series of bank robberies. (Doc. 8-1, ECF p. 7, *United States v. Griggs*, No. 1:CR-04-0052). Griggs was assessed $400 and ordered to pay $14,021 in restitution. (*Id.*, ECF p. 11). After determining Griggs' ability to pay, the monetary penalties were ordered to be due "immediately." (*Id.*, ECF p. 12). Specifically, as set forth in the sentencing order:

> The restitution and special assessments are due immediately, shall be paid through the Clerk of Courts, and are payable during the period of incarceration, with any balance to be paid within three years of his release from custody.
>
> The restitution and special assessment shall be paid to the Clerk, U.S. District Court at P.O. Box 983, Harrisburg, PA 17108.

*Id.*[2]

Griggs alleges that he was forced to participate in the (IFRP). (Doc. 1, Petition, ECF p. 2). Griggs alleges BOP officials threatened to place him on "IFRP refusal status" if he did not agree to participate in the program. (*Id.*) Petitioner admits that while his Judgment and Commitment Order contains "boilerplate" language stating he is to commence paying his fines while incarcerated, the sentencing Court failed to "specify how Petitioner is to make payments, monthly or otherwise." (*Id.*, ECF pp. 2 and 5). Griggs seeks injunctive relief prohibiting the BOP from forcing him to participate in the IFRP, or from otherwise scheduling the timing and amount of his payments toward court-imposed criminal fines or restitution. (*Id.*, ECF p. 6).

---

[2] On September 21, 2006, Petitioner was re-sentenced to 151 months. However, other provisions of the original sentencing order remained intact.

III.  *Discussion*

Griggs' petition is a challenge to the BOP's execution of his sentence and thus is properly brought pursuant to § 2241.  *See McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010).

The IFRP, Program Statement 5380.08, applies to most BOP inmates and requires the BOP to make an effort to collect court-ordered financial obligations.  *See* 28 C.F.R. § 545.10.  Under the program, inmates are encouraged to contribute to their court-ordered financial obligations while incarcerated.  (Doc. 8-1, ECF pp. 3-4).  Failure to participate may result in the denial of the following privileges/opportunities: furlough (other than possibly an emergency or medical furlough); performance pay above the maintenance pay level regardless of work assignment; UNICOR employment; opportunities to work outside the prison; higher monthly commissary spending limits; higher level housing status; participation in community-based programs; and a release gratuity.  28 C.F.R. § 545.11(d).

Griggs challenges his participation in the IFRP based upon the sentencing court's failure to set a payment schedule for his court-ordered restitution of $14,021 while incarcerated.  Grigg's challenge has no merit.  First, Griggs concedes that the sentencing court directed that restitution payments are to commence while incarcerated.  (Doc. 1, ECF pp. 2-3 and 7-8 and Doc. 8-1, ECF pp. 11-12).  Second, an inmate's participation in the IFRP plan is voluntary.  While Griggs suggest he did so under duress of being placed in "IFRP refusal status if he did not comply," (Doc. 1, ECF p. 2), on June 13, 2012, he did agree to participate in the IFRP program.  *See* Doc. 8-1, ECF p. 17.  Since entering the program, Griggs has made numerous payments towards his restitution leaving a balance

-3-

of $8,216.20 (as of September 10, 2013).³  *See* Doc. 8-1, ECF p. 5.  While there are consequences for an inmate's decision not to participate in the IFRP program, they are not of constitutional significance; rather they are disincentives imposed by the BOP for those unwilling to take responsibility for their financial obligations.  *See Duronio v. Gonzales*, 293 F. App'x 155, 157 (3d Cir. 2008)(nonprecedential)("While being in the 'IFRP Refuse' category denies a prisoner certain privileges, it does not result in the imposition of discipline that would trigger a constitutionally protected interest."); *see also Duronio v. Werlinger*, 454 F. App'x 71, 74 n.4 (3d Cir. 2011)(nonprecedential)("Duronio 'ha[s] no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level." (internal citation omitted)).

In sum, Petitioner cannot claim duress merely from being faced with the choice of either meeting his financial responsibilities or losing privileges associated with participation in the IFRP.  Accordingly, we will deny the petition.⁴

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  May 19, 2014

---

³ Griggs satisfied his $400 special assessment debt on October 10, 2007.  *See* Doc. 8-1, ECF p. 5.

⁴ To the extent Petitioner is challenging the sentencing order, the challenge had to be made on direct appeal.  *Werlinger*, *supra*, 454 F. App'x at 73 n.3.